MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
This is an appeal by the district attorney from a judgment of dismissal entered by the district court. We disapprove the ruling of the trial court.
An information was filed in the district court charging the defendant with second-degree forgery. The defendant entered a plea of not guilty. Subsequently, the defendant withdrew his not guilty plea and entered a plea of guilty; sentencing was set for January 5, 1976.
Prior to the sentencing hearing, the trial judge read a probation report which contained the basic .facts of the crime. The report indicated that on September 5, 1974, the defendant, a male, used a credit card made out in the name of Adele Kuehl to purchase a television set. The credit card had. been stolen from the owner earlier in the day. The defendant signed the name of Adele Kuehl at the time of purchase. These facts constituted a factual basis for accepting the defendant’s guilty plea. See section 16-7-207(2)(f), C.R.S. 1973; Crim. P. 11(b)(6).
At the sentencing hearing, however, the trial judge stated that the case was “incredible” in that the defendant allegedly had purchased the set by signing a female name. The trial court, therefore, continued the hearing for one week and ordered the district attorney to produce the salesman and store manager. At the later hearing, the witnesses did not appear. The trial judge then dismissed the charge.
The district attorney asserts that the trial judge did not have authority to dismiss the charge in this case. The district attorney argues that only the prosecutor has authority to dismiss a case prior to trial. He cites several decisions from this court which do hold that a judge has no authority to dismiss a criminal charge prior to trial, except as authorized by statute or rule of criminal procedure. People v. Dennis, 164 Colo. 163, 433 P.2d 339 (1967); People v. Zobel, 54 Colo. 284, 130 P. 837 (1913).
In Zobel the trial court dismissed the charges against an accessory prior to trial because charges against the principals had been dropped by the prosecution. This court reversed the dismissal stating:
*353 “The mere fact that the district attorney had dismissed the proceedings against the principals did not justify the court, over his objection, to discharge the accessory. This is true even if an accessory cannot be tried after the discharge of the principal; that is, the court should not, for this reason, refuse to set a case against an accessory for trial, and of its own motion dismiss it before it had regularly been brought on for trial before a jury. It would doubtless be within the jurisdiction of the trial court, after the trial was commenced, if it appeared the evidence was insufficient, or that the law, as applied to the facts, developed at the trial, would not permit a conviction, to discharge the defendant, . . . .” 54 Colo, at 287, 130 P. at 838. We believe the reasoning of the Zobel case is applicable here. If the trial judge doubted the credibility of the charge, even though a factual basis for the guilty plea existed, his duty was to vacate the guilty plea, enter a plea of not guilty, and set the case for trial. See State v. Stevens, 93 Ariz. 375, 381 P.2d 100 (1963); Annot., 69 A.L.R. 240 and later case service. Whether or not a credible case was made could only be determined at a trial.
The ruling of the trial court dismissing the charge against the defendant is disapproved.
MR. JUSTICE LEE and MR. JUSTICE ERICKSON do not participate.