MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
Pursuant to a plea bargain, both of the defendants pleaded guilty to misdemeanor possession of marijuana. In exchange, three felony narcotics counts against each defendant were dismissed. After conducting an examination of the defendants, the trial court accepted their respective guilty pleas and set a sentencing date. At the time set for sentencing, however, the trial court determined that the probation reports contained insufficient facts to support finding either defendant guilty. The court on its own motion dismissed the misdemeanor counts and declined to reinstate the previously dismissed felony counts. The People appeal. We reverse and remand.
The probation reports recite that on March 6, 1974, both defendants were arrested after the sale of three pounds of marijuana to an undercover agent for $305. Both defendant Hill and defendant Carino were present at Hill’s home when the transaction occurred. Defendant Hill set the price *414 per pound for the marijuana and identified Carino as the owner of the marijuana. After the money was delivered, the defendants were arrested.
On his probation application form, Hill admitted having engaged in the transaction. Carino, however, in his probation application, claimed that he knew nothing about the “dope deal” consummated in his presence.
Prior to accepting the defendants’ guilty pleas to the misdemeanor counts, the trial court questioned them in an effort to ascertain, among other things, whether each of them actually had possessed marijuana on March 6, 1974, in Jefferson County. Each defendant responded that he had. Prior to the sentencing hearing, the trial court had available the probation reports containing the essential facts set out above. Neither defendant took exception to the facts contained in the probation reports. These facts, together with the defendants’ admissions, constituted an adequate factual basis to support the guilty pleas of both defendants. See section 16-7-207(2)(f), C.R.S. 1973; Crim. P. 11(b)(6); People v. Worsley, 191 Colo. 351, 553 P.2d 73 (1976).
The trial court dismissed the action at the sentencing hearing on the ground that the probation reports did not state sufficient evidence to find either defendant guilty. This was improper.
A trial judge’s authority to dismiss a criminal charge on his own motion prior to trial, except as expressly authorized by statute or rule, is narrowly limited. People v. Dennis, 164 Colo. 163, 433 P.2d 339 (1967); People v. Zobel, 54 Colo. 284, 130 P. 837 (1913).
Although dismissal was inappropriate in this case, the trial court did have the authority to vacate the guilty plea and enter a not guilty plea if the charges were not supported by facts appearing in the record of all court appearances and in the pre-sentencing report. This is the rule of People v. Worsley, supra. In the alternative, the defendant, after an explanation by the court of the basis for the plea agreement, could expressly waive the establishment of a factual basis for the charge to which he pleads guilty. Section 16-7-207(2)(f), C.R.S. 1973; Crim. P. 11(b)(6).
In Worsley, the trial judge found that the facts contained in a probation report were inadequate to support the guilty pleas which had been entered. Based on this finding, the trial judge dismissed the charges. This court reversed, saying,
“[i]f the trial judge doubted the credibility of the charge, even though a factual basis for the guilty plea existed, his duty was to vacate the guilty plea, enter a plea of not guilty, and set the case for trial.” 191 Colo, at 353, 553 P.2d at 74.
The foregoing authorities require that this case be remanded to the trial court for a determination whether the guilty plea will be vacated, whether the court upon reconsidering the entire pre-sentencing report finds an adequate factual basis for the misdemeanor pleas, or whether the defendants, after full explanation of the basis for the plea agreement, *415 choose to waive the establishing of a factual basis for the misdemeanors to which they pleaded guilty. If the guilty pleas are vacated the original felony charges shall be reinstated and the matter set for trial.
Reversed and remanded with directions to reinstate the misdemeanor charges and the guilty pleas and then to proceed consonant with the views expressed in this opinion.