No. 24916.

THE PEOPLE OF THE STATE OF COLORADO *v.*
WILLIAM THORNBURG.
(477 P.2d 372)

Decided November 30, 1970.

DUKE W. DUNBAR, Attorney General, FLOYD MARKS, District Attorney, STANLEY B. BENDER, Chief Deputy, for plaintiff-appellee.

ROLLIE R. ROGERS, State Public Defender, JOSEPH R. QUINN, Assistant, for defendant-appellant.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

■ Defendant-appellant, Thornburg, brings this interlocutory appeal from the trial court's denial of his motion to suppress eyewitness identification evidence. The trial court denied the motion to suppress after an evidentiary hearing on the circumstances surrounding the identification. We dismiss the appeal, since it does not come within the ambit of the interlocutory appeal rule.

C.A.R. 4.1(a) states:

"Either the state or the defendant may file an interlocutory appeal in the appellate court from an adverse ruling of any trial court as to a motion made in advance of trial *for return of property and to suppress evidence or* as to a motion made in advance of trial in the trial court by the defendant *to suppress an extra-judicial confession or admission.*" (Emphasis added.)

■ Appellant contends that he was not afforded counsel during a lineup and that the lineup was overly suggestive so that the identification testimony should not be allowed into evidence. This is a matter to be resolved at trial. We find nothing in the Colorado Rules of Criminal Procedure which contemplates a mandatory pretrial suppression of evidence hearing other than for the matters listed in Crim. P. 41(e) and (g), *viz.,* evidence obtained because of illegal search and seizure or an extrajudicial confession or admission.

C.A.R. 4.1, which provides for interlocutory appeals, was designed to review rulings of the trial court made upon suppression hearings under Crim. P. 41(e) and (g). Since appellant's objections to the proposed evidence do not come within Crim. P. 41(e) and (g), rulings on the same are not subject to review under C.A.R. 4.1.

Appeal dismissed.