No. 25016.

THE PEOPLE OF THE STATE OF COLORADO *v.* GUY MCNULTY
AND CAROL PREWITT.
(480 P.2d 560)

Decided February 8, 1971.

JAMES D. McKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, JARVIS W. SECCOMBE, Chief Deputy, THOMAS P. CASEY, Deputy, for plaintiff-appellee.

BRENMAN, CIANCIO, ROSSMAN, BAUM & SOBOL, MELVIN ROSSMAN, for defendants-appellants.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

THIS is an interlocutory appeal from an order of the Denver District Court denying defendants-appellants' motion to suppress evidence.

Defendants were charged with violating C.R.S. 1963, 40-2-31. By their motion defendants sought to suppress as evidence against them the testimony of the arresting police officers. The source of this evidence was the officers' observation of the defendants' conduct during which they allegedly committed an unlawful act. It was claimed that the officers were trespassing on the private property of defendant Prewitt and that they were conducting a general exploratory search, all without a search warrant. The trial court denied the motion.

The arresting officers were assigned to the vice bureau of the Denver Police Department. They were patrolling the area of 17th and Glenarm Streets in downtown Denver when they observed certain activities of the defendants, which they suspected involved a solicitation for purposes of prostitution. The officers followed defendants to an area in southeast Denver where defendant Prewitt lived. Defendants drove to the rear of the condominium apartment and into a carport garage which was assigned to her. The officers parked their vehicle some distance away and proceeded on foot to within a few feet of defendants' car where they observed defendants engaging in the unlawful conduct. Defendants were thereupon arrested.

No physical evidence was seized by the officers and no confessions or admissions were made by either defendant. The evidence sought to be suppressed by defendants' motion was testimonial evidence of the alleged criminal conduct in which defendants were engaged as observed by the arresting officers.

 Crim. P. 41 provides only for motions to suppress physical evidence unlawfully seized and confessions and statements unlawfully obtained from accused defendants. The rule does not encompass motions for suppression of testimonial evidence. The motion did not lie under the circumstances of this case and the trial court should have summarily denied it. Moreover, under C.A.R. 4.1 an interlocutory appeal may only be taken from an adverse ruling on a motion to suppress as limited by Crim. P. 41. *People v. Thornburg,* 173 Colo. 230, 477 P.2d 372.

 We do not say by this opinion that objections to such testimonial evidence based upon grounds such as were raised by defendants in their motion to suppress may not be presented at the trial concerning the admissibility of such testimonial evidence. Such alleged constitutional infirmities go to the admissibility of the evidence and properly may be raised in the ordinary course of trial proceedings. However, we do not comment upon the validity of such alleged infirmities as asserted by defendants in their motion.

The appeal is dismissed.

MR. JUSTICE DAY and MR. JUSTICE ERICKSON not participating.