MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The People bring this interlocutory appeal to challenge the trial court’s ruling suppressing certain evidence. We reverse and remand for further proceedings.
On January 25, 1977, Westminster police officers investigated a burglary in Jefferson County. They found that a forcible entry had occurred and several items had been stolen, including turquoise jewelry and a LeBlanc clarinet. Neighbors gave the officers a description and license number of a “suspicious” vehicle.
On February 4, 1977, Sergeant Michaud of the Denver Police Department informed Detective Johnson of the Westminster Police Department that he (Michaud) had seen pieces of jewelry matching the description of those taken in Westminster on January 25. Sergeant Michaud stated that he had seen the jewelry while executing a narcotics search warrant in the appellee’s apartment in Denver.
After Detective Johnson confirmed the jewelry’s description and informed Sergeant Michaud that the previously obtained auto license number was registered to the appellee, Sergeant Michaud obtained a second warrant to search the appellee’s apartment.
Detective Johnson accompanied Sergeant Michaud to execute the warrant. During the search the officers found a LeBlanc clarinet under the bed. Since Johnson knew that a clarinet had been taken in the Westminster burglary, he checked the serial number and identified the clarinet found as the stolen instrument. The clarinet and several pieces of jewelry were seized. Based on the search and other information, the appellee was arrested and charged in Jefferson County with second-degree burglary[1] and felony theft.[2]
The appellee subsequently moved to suppress the seized evidence. At the suppression hearing, his argument challenged the sufficiency of the search warrant’s description of the allegedly stolen property for which the *129 officers were authorized to search. He did not contend that the affidavit in support of the search warrant failed to establish probable cause.
After both sides had concluded their arguments, however, the trial court expressed concern that no affidavit to support the search warrant had been tendered. When it had thus first become apparent that the affidavit was in issue, the district attorney requested a short continuance in order to obtain a copy for the court.[3] The trial court denied the request, however, and ruled that the search warrant was insufficient because it was not supported by any affidavit before the court and because it did not specifically describe any of the items taken in the Westminster burglary. We hold that the trial court abused its discretion in refusing to grant the People’s request for a short continuance.
The granting or denial of a continuance is a matter resting in the sound discretion of the trial court, and will not be disturbed on appeal unless that discretion has been abused. E.g., People v. Holcomb, 187 Colo. 371, 532 P.2d 45 (1975); People v. Buckner, 180 Colo. 65, 504 P.2d 669 (1972). On the facts of this particular case, however, we are compelled to reverse the trial court’s ruling.
In Colorado, a search warrant must be supported by probable cause, established by oath or affirmation reduced to writing. Colo. Const. Art. II, sec. 7; Crim. P. 41. Therefore, when a search warrant is challenged for lack of probable cause, the supporting affidavit is an essential element to be introduced in evidence. People v. Brethauer, 174 Colo. 29, 482 P.2d 369 (1971); Hernandez v. People, 153 Colo. 316, 385 P.2d 996 (1963).
In this case, however, it was not until after both parties had concluded their arguments that the court sua sponte raised the probable cause issue. Until that time, the district attorney had been given no indication that the supporting affidavit would be necessary, for the appellee’s argument addressed only the adequacy of the warrant’s description of the stolen items. When the district attorney became aware of the affidavit’s relevance, he offered to obtain it for the court’s consideration that same day. There has been no allegation that the district attorney’s actions were intended to delay the proceedings unnecessarily. Nor is there any indication that the appellee would have been prejudiced by such a brief delay.
Given these particular facts, justice required that the court briefly continue the hearing until the affidavit could be obtained. When the court became concerned about the probable cause issue not raised by the appellee, it should have allowed the district attorney to procure the relevant document so that it could make a fully-informed decision. Only then *130 could the truth-seeking purpose of the suppression hearing be fulfilled.
The trial court also ruled that the search warrant was insufficient because it did not specifically describe any of the items taken in the Westminster burglary. However, the warrant did specifically list several items believed to be in the appellee’s apartment allegedly taken in other burglaries. If the supporting affidavit was sufficient to provide probable cause for the warrant’s issuance, then the searching officers were rightfully in the appellee’s apartment. While there, of course, they were entitled to seize items in plain view which they recognized as stolen, including the clarinet suppressed by the trial court. E.g., People v. Towery, 194 Colo. 486, 573 P.2d 104 (1978).
Accordingly, the trial court’s ruling is reversed, and the cause is remanded for further proceedings consistent with the views here expressed.
MR. JUSTICE LEE does not participate.

 Section 18-4-203, C.R.S. 1973.

 Section 18-4-401, C.R.S. 1973 (1976 Supp.).

 Apparently, since the search had occurred in Denver and the search warrant was issued there, the original of the warrant and the supporting affidavit were filed in Denver. As a result, the affidavit was not immediately available to the Jefferson County district attorney.