## No. 28197

### The People of the State of Colorado v. John E. Lott and Harold K. Geeslin

(589 P.2d 945)

Decided January 29, 1979.

Nolan L. Brown, District Attorney, Robert D. Kelly, Deputy, Joseph Mackey, Deputy, for plaintiff-appellant.

Roger D. Witt, for defendant-appellee John E. Lott.

L. Gary Hebenstreit, for defendant-appellee Harold K. Geeslin.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendants-appellees, Lott and Geeslin, were charged with second-degree burglary and felony theft under sections 18-4-203 and 18-4-401, C.R.S. 1973. Prior to trial, the appellees filed several motions, including a motion to suppress evidence claimed to have been seized incident to an invalid arrest. The district court denied the motion on April 4, 1978. The appellees moved for reconsideration of the ruling and, after a hearing on May 23, 1978, the district court granted motions to reconsider and to suppress. Appellant then brought this interlocutory appeal. We approve the suppression of some of the evidence and remand for findings and rulings concerning the remaining evidence.

On February 1, 1977, Officers Kirby and Sadar of the Wheat Ridge Police Department learned of a burglary in Wheat Ridge. They received information as to the vehicle involved and the physical characteristics of two suspects. Investigation revealed that the vehicle's owner had loaned the car to Lott, that she had seen Lott and an unidentified companion

driving the car that day, that Lott had not reported for work that day, and that Lott and Geeslin resided at Emerson House, a halfway house for federal prisoners which was located in Denver. The physical description of the burglary suspects matched that of the defendants fairly closely. At approximately 3:00 p.m. the officers learned that the defendants were due to return to Emerson House at 6:00 p.m. At 6:00 p.m., they returned to Emerson House and arrested both Lott and Geeslin without a warrant. The officers had no authority from the Denver Police Department or the Denver Sheriff's Office. They were not accompanied by any Denver police officers. At the time of the arrest the defendants made oral statements, and the director of Emerson House turned over to the officers items which had been in defendants' possession.

After arresting the defendants, the officers returned to the area of Emerson House to search for the vehicle used in the burglary. They located the car, whose license number had been given by a witness, and requested assistance from a Denver policeman. He conducted what he referred to as an inventory search of the car, except that he did not open the car's trunk. During this search he found several items later identified by victims of the burglary. He then had the vehicle impounded.

The next day, pursuant to a county court warrant, Officer Sadar searched the trunk of the car and seized numerous items. Subsequently, victims of the burglary identified some of these items.

I.

The first issue on appeal is the jurisdiction of this court to consider the appeal under C.A.R. 4.1(a). The relevant portion of the rule reads:

"The State may file an interlocutory appeal in the supreme court from a ruling of a district court granting a motion made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission . . . ."

The defendants contend that Rule 4.1 permits the state to take an interlocutory appeal only when the contested suppression order is grounded upon the absence or invalidity of a search warrant or extrajudicial confessions or admissions. Since the suppression order at issue here is based upon the invalidity of the arrest, they claim the appeal is not authorized. The cases cited by defendants do not support their argument. These cases concern (a) the propriety of an arrest in connection with which no property was seized, (b) evidence taken otherwise than in an improper arrest or invalid search, (c) testimonial evidence or (d) attempts to use a pretrial suppression motion to settle matters that should have been raised at trial. *People v. Fidler,* 175 Colo. 90, 485 P.2d 725 (1971); *People v. Patterson,* 175 Colo. 19, 485 P.2d 494 (1971); *People v. Henry,* 173 Colo. 523, 482 P.2d 357 (1971); *People v. McNulty,* 173 Colo. 491, 480 P.2d 560 (1971); *People v. Thornburg,* 173 Colo. 230, 477 P.2d 372 (1970).

It is true that C.A.R. 4.1 permits only appeals from motions made pursuant to Crim. P. 41(e) and (g). *See, People v. McNulty,* 173 Colo. 491, 480 P.2d 560 (1971). Crim. P. 41 reads:

"(e) A person aggrieved by an unlawful search and seizure may move the district court for the county where the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that:

"(1) The property was illegally seized without warrant; or

"(2) The warrant is insufficient on its face; or

"(3) The property seized is not that described in the warrant; or

"(4) There was not probable cause for believing the existence of the grounds on which the warrant was issued; or

"(5) The warrant was illegally executed.

. . . .

"(g) A defendant aggrieved by an alleged involuntary confession or admission made by him, may make a motion under this Rule to suppress said confession or admission . . . ." Crim. P. 41, C.R.S. 1973.

However, Rule 41(e)(1) does apply when the validity of an arrest must be evaluated before the court can rule upon a motion to suppress items seized in a search incident to the arrest. *People v. Williams,* 189 Colo. 311, 541 P.2d 76 (1975); *People v. Feltch,* 174 Colo. 383, 483 P.2d 1335 (1971); *People v. Henry,* 173 Colo. 523, 482 P.2d 357 (1971). This is such a case and the interlocutory appeal is proper.

II.

The second issue is whether the Wheat Ridge police officers acted without authority in arresting the defendants in Denver. The district court ruled that since they were not in fresh pursuit, the officers lacked authority to arrest outside the territorial limits of their authority. Sections 16-3-106, 201 and 202, C.R.S. 1973 and *People v. Bloom,* 195 Colo. 246, 577 P.2d 288 (1978).

We agree with the trial court that the officers were not in fresh pursuit. The officers had received notice of the alleged burglary at approximately 12:30 p.m. Between 12:30 and 6:00 p.m. the officers investigated the crime. By 2:30 or 3:00 p.m. the investigation had focused on the appellees. The district court ruled, and we agree, that there was time to have obtained an arrest warrant or to have enlisted the assistance of Denver police before arresting the appellees at 6:00 p.m.[1]

The People incorrectly argue that the holding of *Schindelar v. Michaud,* 411 F.2d 80 (10th Cir.), *cert. denied,* 396 U.S. 956, 90 S.Ct. 426, 24 L.Ed.2d 420 (1969) would support a different result than that

---

[1] Assuming that probable cause existed for the arrest, Denver police might have had authority to arrest without a warrant. Section 16-3-102, C.R.S. 1973.

reached by the district court. They claim that the officers engaged in continuous investigation until the time of arrest and therefore were acting without "unreasonable delay" as required by *Schindelar*. In *Schindelar*, the officer left the scene of the crime, which was within his jurisdiction, for forty-five minutes to obtain the assistance of other officers. The court held that the officer did not need a warrant to make the arrest inasmuch as he was in fresh pursuit (meaning that the officer had acted without unreasonable delay) and had probable cause to arrest. Here, instead of an interval of forty-five minutes in which the officer left the scene of a crime to obtain assistance, we are confronted with a three-hour interval. Clearly, the fresh pursuit exception is inapplicable in these circumstances.

### III.

■ Appellants finally argue that, even if the arrest was invalid, nevertheless, the statements made at Emerson House and the property seized should not have been suppressed.

Statements made by the defendants at Emerson House and items turned over to the Wheat Ridge officers by the director of Emerson House were properly suppressed as fruits of the invalid arrest. As to these, the court's order is affirmed.

### IV.

■ There has been no finding or argument as to whether the Denver officer's first search might have been valid as an inventory search. We, therefore, do not consider the admissibility of the items then seized. Rather, we remand for consideration of the question.

### V.

■ The affidavit supporting the warrant for search of the trunk conceivably may have included sufficient untainted information to constitute probable cause for that search. The affiant related information that had been volunteered by a citizen-witness who had seen men taking items from the burglarized house and placing them in the trunk of the car. The license number and an accurate description of the car were included. The district court merely found that the warrant authorizing a search of the trunk was based partially upon information obtained as a result of defendants' arrest. Noting the inclusion of possibly tainted information in the affidavit should not have been the end of the court's inquiry. It should have considered whether the affidavit supporting the warrant was otherwise sufficient.

We affirm the district court's ruling regarding the invalidity of the arrest and the suppression of the defendants' statements and the items turned over to the police by the director of Emerson House. We remand for further consideration, findings and rulings as to the validity of the searches of the car.

MR. JUSTICE ERICKSON dissents.