## No. 80SA182

## The People of the State of Colorado v. James C. Schultz

(611 P.2d 977)

Decided June 2, 1980.

Stuart A. Van Meveren, District Attorney, Loren B. Schall, Assistant, for plaintiff-appellant.

Dean, Martin, Mitchell & Schwartz, Allen R. Schwartz, for defendant-appellee.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

The prosecution has taken this interlocutory appeal from an order declaring an arrest to be unlawful and from an order suppressing all evidence seized incident to the arrest of James C. Schultz. C.A.R. 4.1. We reverse and remand for further proceedings consistent with this opinion.

As a result of an investigation of a series of church burglaries occurring in Loveland, Colorado, officers of the Larimer County Sheriff's office prepared an affidavit asserting that the defendant and his confederates, Michael Corbin and Tony Orth, committed the offense of second-degree burglary. *See* section 18-4-203, C.R.S. 1973 (now in 1978 Repl. Vol. 8). After determining that the affidavit established probable cause, a Larimer County judge issued an arrest warrant and commanded that the warrant be executed by any lawfully authorized person.

Upon securing the warrant for the defendant's arrest, the officers proceeded to Michael Corbin's residence, located in Greeley, Colorado, to arrest Corbin and the defendant, who was known to be temporarily residing at that address. Prior to making their arrest, however, the officers requested and received assistance from members of the Weld County Sheriff's office and the Greeley Police department. When the officers of the three departments arrived at the Corbin residence, they were given permission to enter and, shortly thereafter, they arrested the defendant.

Prior to trial, the defendant moved to suppress all evidence derived from the defendant's arrest, alleging that the Larimer County officers had no authority to execute an arrest warrant in Greeley, which is situated in Weld County. In granting the motion, the trial judge relied upon section 16-3-106, C.R.S. 1973 (now in 1978 Repl. Vol. 8), which provides:

"When any peace officer is in fresh pursuit of any alleged offender, having a warrant for his arrest or having knowledge that such warrant has been issued, or, in the absence of an arrest warrant, when the offense was committed in the officer's presence or the officer has reasonable grounds to believe that the alleged offender has committed a criminal offense, and the alleged offender crosses a boundary line marking the territorial limit of his authority, such peace officer may pursue him beyond such boundary line and make the arrest, issue a summons and complaint, or issue a notice of penalty assessment."

We reverse the order declaring the arrest to be illegal and suppressing evidence seized incident to the arrest.

■ Section 16-3-108, C.R.S. 1973 (now in 1978 Repl. Vol. 8) states that an arrest warrant based on an affidavit establishing probable cause is

valid throughout the state of Colorado and may direct any peace officer to arrest the individual named in the warrant. *See* Crim. P. 4.2. Although the Larimer County Sheriff's officers who arrested the defendant are "peace officers," *see* section 18-1-901(3)(l), C.R.S. 1973 (1979 Supp.), the defendant argued that they had no authority under section 16-3-106, C.R.S. 1973, and the common law to effect an arrest outside of Larimer county. *Cf.* Crim. P. 4(b)(1) and 4(c)(1). Thereafter, the trial judge found, and the prosecution admitted, that the Larimer County Sheriff's officers were not engaged in fresh pursuit, but did have both Greeley and Weld County officers with them at the time the arrest was made. The suppression order was entered because the trial judge concluded that the Larimer County Sheriff's officers had no arrest powers in Weld County unless they effected the arrest in Weld County while in hot pursuit. Section 16-3-106, C.R.S. 1973.

In *People v. Lott*, 197 Colo. 78, 589 P.2d 945 (1979), we affirmed a trial court's suppression of evidence seized as the result of a warrantless arrest made in Denver by officers of the Wheat Ridge Police department. There the officers were not in fresh pursuit and we held that they should have obtained an arrest warrant for the defendant and enlisted the aid of Denver police before making the arrest.

In this case, the arresting officers obtained a warrant and enlisted the aid of both the Greeley police and the Weld County Sheriff's office, both of whom were authorized to execute arrest warrants in Weld County. Since officers with authority to arrest in Weld County were present during the defendant's arrest, we can perceive no reason to hold the arrest invalid. *See* section 16-3-202, C.R.S. 1973 (now in 1978 Repl. Vol. 8). To hold the arrest warrant invalid simply because the Larimer County Sheriff's officers did not formally request that the Weld County Sheriff's officers or Greeley police perform the steps required to effect the defendant's arrest would be to exalt form over substance. *Cf. Kirby v. Beto*, 426 F.2d 258 (5th Cir. 1970); *State v. Wise*, 90 N.M. 659, 567 P.2d 970 (1977). In our view, it is immaterial who executes the arrest warrant provided that individuals with lawful authority to make an arrest are actually present at the scene of the arrest and participate in the arrest process. *See People v. Bloom*, 195 Colo. 246, 577 P.2d 288 (1978).

Accordingly, the order declaring the arrest to be invalid and suppressing the evidence seized incident to the arrest is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.