The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Abdu Sadiki BAKARI a/k/a Roger Palmer, III, Defendant–Appellee.

No. 89SA112.

Supreme Court of Colorado, En Banc.

Oct. 2, 1989.

---

James F. Smith, Dist. Atty., and Steven L. Bernard, Chief Trial Deputy, Brighton, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, and Daniel J. Albregts, Deputy State Public Defender, Brighton, for defendant-appellee.

Justice VOLLACK delivered the Opinion of the Court.

In this interlocutory appeal, the prosecution asks that we reverse the suppression order entered by the Adams County District Court after the prosecution conceded that it was not ready to proceed at the hearing on the motion to suppress. We reverse.

## I.

On October 9, 1988, Ismail Al–Rubaii was working at his gas station on East Colfax Avenue early in the morning when a man entered the store and demanded all of the station's money. When the robber entered the store he was wearing men's blue underwear on his face and a baseball cap on top of his head. He had a black coat draped over his arm and it appeared that he was carrying a gun. Al–Rubaii struck the robber and the two men engaged in a struggle. During the struggle Al–Rubaii was able to get his gun and fire a warning shot. The robber ran from the gas station and was later identified as the defendant, Abdu Sadiki Bakari (Bakari or the defendant). Bakari was charged by information with robbery and third-degree assault. After preliminary hearing the case was bound over for trial.

Defense counsel filed two suppression motions which are the subject of this appeal. One of defendant's motions sought to suppress money found on the defendant when he was contacted by police, and a blue cap and blue underwear found on the gas station premises. Defendant's other motion asked the district court to suppress statements made by the defendant.

A motions hearing was scheduled for February 10, 1989. On February 8, the February 10 hearing was vacated at the request of deputy district attorney Farrell and rescheduled for March 10, 1989. On March 10, deputy district attorney Towey, who had been recently assigned the case, appeared on behalf of the state and asked the court to continue the motions hearing.

Towey explained to the court his reasons for requesting a continuance. Due to personnel changes in the district attorney's office, subpoenas had not been issued for the hearing. When this oversight was discovered Towey attempted to contact the detective and the three officers required for the hearing, at work and at their homes. Towey was unable to contact the officers in time for them to appear at the hearing, so he had no witnesses.

Because the scheduled trial date was six weeks away, the prosecutor asked for a short continuance of the motions hearing that would not interfere with the scheduled trial date. In the alternative, Towey ad-

vised the court that if rescheduling the motions hearing in that division would interfere with the trial date, a judge in another division had already agreed to hold the motions hearing on either March 17 or March 24.

The court rejected these suggestions and denied the motion to continue. The court held that the reason presented was "not a legitimate reason to continue" and that there was "no good cause" why the motions hearing should not be conducted. When the prosecutor conceded that he was not prepared to proceed because he did not have any witnesses, the judge granted both of the defendant's motions to suppress. The People appeal this ruling pursuant to C.A.R. 4.1.

## II.

### A.

#### Motion to Suppress

The prosecutor conceded that after the district court granted the motions to suppress there was "no evidence left." We have previously acknowledged that in some cases, "given the nature of the prosecution's evidence," granting a motion to suppress is "tantamount to dismissing the charges against the defendant." *People v. Grady,* 755 P.2d 1211, 1218 (Colo.1988). In *Grady,* we adopted the analytical view that because such an order amounts to dismissal, " '[a] trial judge's authority to dismiss a criminal charge on his own motion prior to trial, except as expressly authorized by statute or rule, is narrowly limited.' " *Id.* (quoting *People v. Carino,* 193 Colo. 412, 414, 566 P.2d 1061, 1063 (1977)).

Dismissal of charges is recognized as " 'a drastic remedy to be reserved for situations where no other sanction will attain the proper result.' " *Id.* (quoting *People v. Holloway,* 649 P.2d 318, 320 (Colo.1982)). In *Grady* we acknowledged that the prosecutor's conduct, in failing to file an answer brief, "was not a model of prosecutorial assistance to the court." Despite that, we concluded that the rules of criminal procedure did not permit the granting of the suppression motion in *Grady. Id.* The

same analysis is appropriate here. The question then becomes whether, because this order was "tantamount to dismissing the charges," the judge was acting within his narrow authority to do so. To make this determination we must look to the circumstances of the motion to continue.

The district court's order granting the defendant's suppression motions did not serve the purpose of the exclusionary rule. The fourth amendment exclusionary rule "is designed to deter police misconduct." *United States v. Leon,* 468 U.S. 897, 916, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984); *see also Michigan v. Tucker,* 417 U.S. 433, 446, 94 S.Ct. 2357, 2365, 41 L.Ed.2d 182 (1973) ("the exclusionary rule's 'prime purpose is to deter future unlawful police misconduct' "); *United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974) (" 'The rule is calculated to prevent, not to repair. Its purpose is to deter.' "). In *Tucker,* the court held:

> The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused.

417 U.S. at 447, 94 S.Ct. at 2365. In *United States v. Leon,* 468 U.S. 897, 906, 104 S.Ct. 3405, 3411, 82 L.Ed.2d 677 (1974), the court stated that

> [t]he wrong condemned by the [Fourth] Amendment is fully accomplished by the unlawful search or seizure itself, and the exclusionary rule is neither intended nor able to cure the invasion of the defendant's rights which he has already suffered. The rule thus operates as a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved.

The district court did not reach the merits of the defendant's arguments for sup-

pression. The court granted the motions to suppress because the district attorney was not able to proceed at the suppression hearing. Illegal police searches and district attorney preparedness are unrelated. Because the district court's suppression order could not have provided a deterrent against illegal police searches it was not authorized by the exclusionary rule.

The district court acted outside of its limited authority to dismiss the charges against the defendant. In prior cases we have limited the authority of trial courts to dismiss criminal charges. In *People v. Carino*, 193 Colo. 412, 566 P.2d 1061 (1977), we reversed a district court order dismissing misdemeanor charges against the defendant for possession of marijuana. The district court dismissed the charges because it concluded that the defendant's probation reports did not state facts upon which the defendants could be convicted. *Id.*, 193 Colo. at 414, 566 P.2d at 1062–63. After noting that "[a] trial judge's authority to dismiss a criminal charge on his own motion prior to trial, except as expressly authorized by statute or rule, is narrowly limited," we held that in dismissing the charges the district court acted outside of its authority. *Id.*, 193 Colo. at 414, 566 P.2d at 1063. In *People v. Dennis*, 164 Colo. 163, 433 P.2d 339 (1967), we reversed a district court order dismissing a larceny charge against the defendant. The district court dismissed the charge because the complaining witness asked the court to drop the charges and stated his preference not to testify against the defendant. *Id.*, 164 Colo. at 165, 433 P.2d at 340. We held that the district court acted outside its authority because "[t]he complaining witness, or the victim of the crime, has no control over the case, since he is not a party to it." *Id.*, 164 Colo. at 166, 433 P.2d at 340.

Here, as in *Grady*, 755 P.2d at 1218, the district court's order granting the defendant's suppression motions was "tantamount to dismissing the charges against the defendant." The district court's dismissal of the charges did not serve the purpose of the exclusionary rule, and this was not a situation in which no other sanction would "attain the proper result." *Id.* By granting the defendant's motions without addressing their merit the district court acted outside its authority to dismiss the charges against the defendant.

### B.

### Motion to Continue

■ "A motion for continuance is addressed to the sound discretion of the trial court, and the trial court's ruling will not be disturbed in the absence of an abuse of discretion." *People v. Hampton*, 758 P.2d 1344, 1353 (Colo.1988). We noted in *Hampton* that "[t]here are no mechanical tests for determining whether the denial of a continuance constitutes an abuse of discretion." *Id.* The answer as to whether a trial court has abused its discretion " 'must be found in the circumstances present in every case.' " *Id.*, 758 P.2d at 1353–54 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964)).

The ABA Standards for Criminal Justice—Speedy Trial provide that a court "[s]hould grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecution or defense, but also the public interest in prompt disposition of the case." Standard 12-1.3, at 12.11. Of paramount importance is whether granting a continuance will affect the defendant's right to a speedy trial. *Id.* at 12.11–12.12.

We conclude, based on the facts of this case, that the district court abused its discretion when it denied the district attorney's request for a continuance. The district court should have considered the impact of denying the state's request for a continuance. Although the narrow procedural issue before the court was whether it should grant the state's second request for a continuance, in effect the district court was ruling on a motion to dismiss. In ruling on the prosecution's request the district court should have considered the harsh consequences of dismissal, the public interest in prompt disposition of the case,

and the available alternatives. The district attorney made arrangements for another division of the district court to hear the defendant's suppression motions. The district court could have granted the district attorney's request for a continuance and allowed another division of the district court to hear the motions at a later date before trial. Had the district court taken advantage of this possibility the motions would have been heard, and the case would have proceeded to trial without delay. In the face of the circumstances with which it was presented, there was no reason for the district court to insist, upon pain of dismissal, that it hear the suppression motions on March 10.

In *People v. Espinoza*, 195 Colo. 127, 575 P.2d 851 (1978), and *People v. Hrapski*, 718 P.2d 1050 (Colo.1986), we reversed trial court orders denying prosecution motions for continuances. In *Espinoza* the trial court had already heard oral argument on a suppression motion when, *sua sponte*, it questioned the validity of the affidavit supporting a search warrant. We held that the trial court abused its discretion when it failed to grant the prosecution's continuance to give the prosecution time to retrieve the affidavit. *Id.*, 195 Colo. at 129, 575 P.2d at 853. We noted that "[t]here had been no allegation that the district attorney's actions were intended to delay the proceedings unnecessarily," and that there was not "any indication that the [defendant] would have been prejudiced" by the brief delay requested by the district attorney. *Id.* In *Hrapski*, 718 P.2d at 1053, the defendant was charged with being an habitual criminal, and the trial court, acting on its own initiative, reviewed the validity of two of the guilty pleas underlying the defendant's previous convictions. The trial court denied the prosecution's motion for a continuance to allow the prosecution to prepare a defense against the court's attack on the validity of the defendant's previous pleas. *Id.*, 718 P.2d at 1054. We held that the trial court's failure to grant the prosecution's request for a continuance was an abuse of discretion. *Id.*, 718 P.2d at 1055. We noted that "[t]here is neither an indication that the

People intended to delay the proceedings unnecessarily nor is there any indication that the defendant would have been prejudiced by a brief delay." *Id.*

We recognize that in the present case the prosecution was solely responsible for its inability to proceed at the motions hearing. However, the fact that another division of the district court was capable of hearing the suppression motions without any resulting delay of the trial or prejudice to the defendant, and the harsh consequences of the district court's order granting the suppression motions, lead us to conclude that the district court abused its discretion when it denied the district attorney's request for a continuance.

The order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

MULLARKEY, J., specially concurs.

QUINN, C.J., dissents.

ERICKSON and LOHR, JJ., join in the dissent.

Justice MULLARKEY, specially concurring:

Although I concur in the majority's conclusion that the evidence should not have been suppressed, I write separately to emphasize that suppression of evidence because of prosecutorial misconduct may be an appropriate sanction. *See People v. Shannon*, 683 P.2d 792, 794–95 (Colo.1984) (affirming trial court's exclusion of rebuttal testimony because of prosecutor's failure to comply with Crim.P. 16). The trial court must exercise its sound discretion in fashioning an appropriate remedy for prosecutorial misconduct with due regard for the "significant public interest in criminal prosecutions that might well be defeated by the imposition of [an excessive] sanction." *People v. Sams*, 685 P.2d 157, 163 (Colo.1984).

By analogy, I suggest that the court should consider some of the same factors which govern the imposition of sanctions against attorneys who delay or disregard court orders in civil matters. *See Nagy v.*

*District Court,* 762 P.2d 158, 161 (Colo. 1988) ("If sanctions are warranted in a case, the trial judge must craft an appropriate sanction by considering the complete range of sanctions and weighing the sanctions in light of the full record of the case."). Dismissal or another sanction which is the equivalent of dismissal should be a last resort for attorney misconduct. *Id.* Here, I do not condone the prosecutor's handling of the case but I agree that the sanction imposed was inappropriate and the order should be reversed.

Chief Justice QUINN dissenting:

I dissent from this court's holding that the district court abused its discretion by denying the prosecution's motion for a continuance of the suppression hearing and by granting the defendant's motions to suppress. In my view, the district court acted within the limits of its discretion when it denied the motion for a continuance and granted the defendant's suppression motions as a sanction for prosecutorial unpreparedness.

### I.

The sparse record shows that a hearing was scheduled on the defendant's motion to suppress various items of evidence seized from his person at the time of his arrest and a motion to suppress a custodial statement made by him to the police. A hearing on the motions was originally scheduled for February 10, 1989, but on February 8 the hearing was rescheduled at the request of the prosecution to March 10, 1989. Both the district attorney and defense counsel were present in court when the hearing was continued. On March 10, 1989, the deputy district attorney to whom the case had been recently assigned requested another continuance because he was not prepared to proceed. The district court denied the request for a continuance, observing that over the past several months prosecutorial requests for continuances have become all too frequent. After remarking that such requests were disruptive of the court's docket, the court determined that there was no good cause for the continuance and accordingly denied the motion. When the deputy district attorney acknowledged that the People were not ready for the suppression hearing, the court granted the defendant's motions to suppress.[1]

### II.

The record clearly demonstrates that the court granted the defendant's motions to suppress as a sanction for prosecutorial unpreparedness and not because of some form of unconstitutional police conduct. In light of the stated basis of the district court's order of suppression, I am of the view that this appeal is not within the

---

1. In denying the prosecution's motion for a continuance and granting the defendant's motion to suppress, the district court ruled as follows:

   [T]he Court will make the general observation that over the past several months, this general state of affairs has occurred again and again and again and again.

   We set what, five, six, seven motions hearings every Friday. And if two of them go, it's an unusual day. And many days, none of them go because people aren't ready or because they decide not to do it or whatever.

   And then we have them reset in a situation where we can't get a transcript out, which the Defendant has a right to. We find ourselves in situations where trials have to be continued.

   We are right now setting motions hearings dates on days other than Friday and trial days. And I'm not sure how we are going to handle that. And I'm not sure how the District Attorney's Office is going to cover that.

   But, right now, I have, at least by my count and there could be more, at least six murder cases pending in this courtroom and several other very complicated Class Two Felonies, which will take at least a week to try.

   And I simply haven't got time to do this. I find that the reason to proceed is not a legitimate reason to continue. I don't know why Officer Cox couldn't call these people. He chose not to.

   I suppose he'll have to bear the responsibility for that, because I find that the—that there is no just reason, no good cause why this matter should not proceed today. And therefore, I'm denying the Motion to Continue.

   I assume that the People are not ready to proceed; is that correct?

   [Deputy District Attorney]: That's correct.

   THE COURT: Very well. The Motion to Suppress Statements is granted. The Motion to Suppress Evidence is granted. The matter remains scheduled for trial in this Court April 24.

scope of C.A.R. 4.1(a), which authorizes an interlocutory appeal from a ruling of a district court "granting a motion under Crim.P. 41(e) and (g) and Crim.P. 41.1(i)".

Crim.P. 41(e) authorizes motions to suppress evidence acquired by governmental officials during an unconstitutional search and seizure. In a similar fashion, Crim.P. 41(e) authorizes a defendant to move for the suppression of a statement or confession obtained in violation of his federal or state constitutional rights. Crim.P. 41.1(i) authorizes a defendant to file a motion to suppress nontestimonial identification evidence seized pursuant to a court order.

Since I do not read C.A.R. 4.1 as authorizing an interlocutory appeal of a ruling entered as a sanction for prosecutorial unpreparedness,[2] I would dismiss this appeal as beyond the limitations of the rule. *See, e.g., People v. Dailey,* 639 P.2d 1068, 1076 n. 8 (Colo.1982); *People v. McNulty,* 173 Colo. 491, 480 P.2d 560 (1971); *People v. Thornburg,* 173 Colo. 230, 477 P.2d 372 (1970). The majority, however, chooses a different course, and I turn to the propriety of the district court's ruling.

### III.

I believe the district court acted within its discretion in denying the prosecution's motion to continue the hearing on the suppression motions. "A motion for continuance is addressed to the sound discretion of the trial court, and the trial court's ruling will not be disturbed in the absence of an abuse of discretion." *People v. Hampton,* 758 P.2d 1344, 1353 (Colo.1988). To say that a court has discretion in resolving an issue means that it has "the power to choose between two or more courses of action and is therefore not bound in all

cases to select one over the other." *People v. Milton,* 732 P.2d 1199, 1207 (Colo.1987).

The record in this case shows no abuse of discretion on the part of the district court in denying the prosecution's motion for a continuance. The district court granted the prosecution's initial request to continue the suppression hearing from February 10 to March 10, 1989. The prosecution thus had four weeks to prepare for the rescheduled hearing. Given this state of the record, I fail to see how the trial court's denial of the prosecution's second motion for a continuance somehow amounted to an abuse of discretion. If anything, I view the district court's denial of a second prosecutorial motion for a continuance as an exercise of sound discretion calculated to ensure efficient management of its docket.

### IV.

In contrast to the majority, I do not interpret the district court's order granting the motions to suppress as the functional equivalent of an order of dismissal. The majority's contrary interpretation is apparently based on the deputy district attorney's claim that there would be "no evidence left" if the district court granted the motions. The deputy district attorney who made the statement, however, acknowledged to the trial judge that he had not read the entire file on the case. Under this state of the record, I am at a loss to assess the strength of the prosecution's case independently of the suppressed evidence. Whether the prosecution has sufficient evidence in the form of eyewitness identification evidence or other evidence to prove the charges of robbery and assault in the third degree should properly be determined at trial.

---

**2.** Section 16–12–102(2), 8A C.R.S. (1986), authorizes the prosecution to file an interlocutory appeal in the supreme court from a ruling of a trial court granting a motion to suppress. I view this statute as legislative authorization for interlocutory appeals from suppression rulings predicated on unconstitutional governmental conduct in conducting an arrest, search, or seizure, and unconstitutional governmental conduct in interrogating an accused. Although section 16–12–102(2) was amended on April 12, 1989, to allow the prosecution to file an inter-

locutory appeal in the supreme court "from a ruling of the trial court granting a motion *in limine* pertaining to the matters described in this subsection (2)," Ch. 149, sec. 4, § 16–12–102(2), 1989 Colo.Sess.Laws 862, 863, it is not clear to me that the 1989 amendment is intended to broaden the scope of the interlocutory appeal so as to include nonconstitutional rulings. Moreover, the prosecution's notice of appeal in this case was filed pursuant to C.A.R. 4.1, prior to the effective date of the 1989 amendment.

As I read this court's opinion, the majority turns this case on the proposition that the district court's order granting the suppression motions does not serve the purposes of the exclusionary rule, in that it is not calculated to deter police misconduct. 780 P.2d at 1091. The fact of the matter, however, is that the district court's ruling was not based on a finding of unconstitutional police conduct in acquiring evidence but, rather, on a finding of prosecutorial unpreparedness for which there was no justifiable excuse. Indeed, the prosecution acknowledges in its brief that its conduct can aptly be described as "sloppy, ill-prepared, and thoughtless." Since the sanction imposed by the district court was not intended to serve the purposes of the exclusionary rule, there is no reason to inject exclusionary-rule doctrine into the resolution of this case.

The authority of a trial court to fashion an appropriate sanction for a lawyer's unpreparedness in litigating motions set well in advance of the scheduled hearing date is an inherent judicial power to be exercised within the limits of sound judicial discretion. A trial court's decision to exercise its authority should not be set aside merely because an appellate court might have fashioned some alternative sanction were it sitting as the trial court. Since the record, although sparse, provides adequate support for the district court's resolution of this matter, I would affirm the ruling.

I am authorized to say that ERICKSON and LOHR, JJ., join me in the dissent.