The **PEOPLE** of the State of Colorado,
Plaintiff–Appellant,

v.

Eric Thomas **CROW**,
Defendant–Appellee.

No. 89SA461.

Supreme Court of Colorado,
En Banc.

April 23, 1990.

Stephen K. Erkenbrack, Dist. Atty., and R.D. Wagner, Deputy Dist. Atty., Grand Junction, for plaintiff-appellant.

David F. Vela, State Public Defender, Denver, and Jeff Boyd Herron, Deputy State Public Defender, Grand Junction, for defendant-appellee.

Chief Justice QUINN delivered the Opinion of the Court.

The People filed this interlocutory appeal to challenge a district court ruling suppressing evidence obtained as a result of a warrantless arrest and search of the defendant. The court granted the motion to suppress because the People were unable to offer any evidence to support the constitutional validity of the arrest and search. We affirm the suppression ruling.

## I.

The facts are not in dispute. The defendant, Eric Thomas Crow, is charged in the District Court of Mesa County with possession of a Schedule I controlled substance, lysergic acid diethylamide,[1] criminal attempt to tamper with physical evidence,[2] and possession of less than one ounce of marihuana.[3] The defendant on September 13, 1986, entered a not guilty plea to all charges, and the court at that time granted both the prosecution and the defense thirty days to file motions and set the date of November 8, 1989, for hearing on any motions. The defendant filed a timely motion to suppress all evidence seized during the course of his arrest on the ground that such evidence was the product of a warrantless unconstitutional arrest. On October 11, 1989, the prosecution filed a motion to continue the motions hearing because one of the arresting officers, Dan Vilkofsky, was scheduled to attend a training program and thus would not be available to testify at the scheduled hearing. Although the prosecution's motion stated that the defense attorney had no objection to the continuance, the court entered an order on October 18, 1989, denying the motion for a continuance, because the motions hearing had been set on the court's docket since September 13.

The prosecution made no effort to subpoena Officer Vilkofsky for the motions hearing on November 8, 1989. When the court called the case for hearing on any motions, the deputy district attorney informed the court that no prosecution witnesses were present for the hearing and again requested a continuance. The court again denied a continuance, ruling that the prosecution made no effort to subpoena Officer Vilkofsky for the suppression hearing but instead asked the court to reconsider the very same motion for a continuance which the court previously had denied.[4]

Having denied the prosecution's request for a continuance, the court, after being advised that the seizure of the illegal drugs was based on a warrantless arrest and search of the defendant, required the prosecution to go forward with evidence in support of the warrantless arrest and search. When the deputy district attorney stated that he was unable to present evidence in support of the arrest and search, the court granted the motion to suppress, ruling as follows:

I find based on what's been presented, the People acknowledge that the arrest

---

1. §§ 18–18–105(2), 8B C.R.S. (1986) and 12–22–309(2), 5 C.R.S. (1985).

2. §§ 18–2–101 and 18–8–610, 8B C.R.S. (1986).

3. § 18–18–106(1), 8B C.R.S. (1986).

4. After the court denied the prosecution's motion for a continuance on October 18, 1989, the prosecution filed a motion for reconsideration. The prosecution's motion for reconsideration was denied on November 8, 1989, when the court ruled, in pertinent part, as follows:

The People filed a motion to continue [on] October 13th. The People did not in their motion to continue, suggest that Mr. Vilkofsky was unavailable to be subpoenaed and unavailable for a hearing; and I haven't heard any explanation that would suggest that Mr. Vilkofsky be

treated differently than any other witness who does not want to attend, and we all expect has to be subpoenaed.

The People have not made an effort to subpoena him, even knowing the court denied the motion to continue. Instead, the People took the course of trying to ask the court to reconsider the same matters, which the court considered regarding the first motion to continue.

I, therefore, find the People did not make an effort to obtain Mr. Vilkofsky, considered as a witness on a motion to suppress; and they also recognize they have the burden to proceed in the motion to suppress and not the defendant, since items obtained were obtained by way of either an arrest or a search without warrants.

Because the People have not made an effort to obtain Mr. Vilkofsky, the Motion to Continue and the Motion to Reconsider the Motion to Continue should be denied.

and search were done without a warrant, and they have not presented evidence to indicate that it was reasonable to do so and was necessary to do so. The court, therefore, orders that the evidence obtained from the defendant's arrest and search, both done without warrants, be suppressed and not admitted as evidence in the case.

In challenging the court's suppression ruling, the People initially argue that the district court abused its discretion when it denied the prosecution's motion to continue the suppression hearing and that the court further erred when, after denying the request for a continuance, it granted the defendant's motion to suppress because the prosecution was unable to offer any evidence to support the warrantless arrest and search of the defendant.[5] We consider these arguments in turn.

## II.

"To say that a court has discretion in resolving [an] issue means that it has the power to choose between two or more courses of action and is therefore not bound in all cases to select one over the other." *People v. Milton*, 732 P.2d 1199, 1207 (Colo.1987); *see also Buckmiller v. Safeway Stores, Inc.*, 727 P.2d 1112, 1115 (Colo.1986). A trial court's ruling on a motion to continue a hearing rests in the sound discretion of the court, and such ruling will not be disturbed on appellate review in the absence of a showing of a clear abuse of discretion. *E.g., People v. Hampton*, 758 P.2d 1344, 1353 (Colo.1988); *People v. Mann*, 646 P.2d 352, 358 (Colo. 1982). A court abuses its discretion only when, based on the particular circumstances confronting it, its ruling on the motion is manifestly arbitrary, unreasonable, or unfair. *E.g., King v. People*, 785 P.2d 596, 603 (Colo.1990); *Milton*, 732 P.2d at 1207.

In determining whether a court has abused its discretion in denying a motion for continuance, an appellate court must evaluate the circumstances confronting the court at the time the motion is made, particularly the reasons "presented to the trial judge at the time the request is denied." *Hampton*, 758 P.2d at 1354 (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 850, 11 L.Ed.2d 921 (1964)). When the asserted reason for the continuance is the absence of a witness, a trial court properly may consider whether the party requesting the continuance has exercised due diligence in attempting to secure the presence of the witness. *Gallagher v. County Court*, 759 P.2d 859, 860

---

5. The defendant contends that the People's interlocutory appeal should be dismissed because the district court's ruling in this case is not within the scope of C.A.R. 4.1. Although we have some doubts as to whether the district court's ruling is properly before this court on an interlocutory appeal, we elect to address the People's arguments.

Our concern regarding the applicability of the suppression order in this case stems from the structure and text of C.A.R. 4.1(a) and Crim.P. 41 and 41.1 C.A.R. 4.1(a) authorizes the state to file "an interlocutory appeal ... from a ruling of a district court granting a motion under Crim.P. 41(e) and (g) and Crim.P. 41(1)(i) made in advance of trial by the defendant for return of property and to suppress evidence or granting a motion to suppress an extra-judicial confession or admission." Crim.P. 41(e) authorizes a person aggrieved by an unlawful search and seizure to file a motion to suppress the evidence seized on the ground that: (1) the property was illegally seized without a warrant; (2) the warrant is insufficient on its face; (3) the property seized is not that described in the warrant; (4) there was not probable cause for believing the existence of the grounds on which the warrant was issued; or (5) the warrant was illegally executed. Crim.P. 41(g) similarly grants a defendant aggrieved by an alleged involuntary confession or admission to file a motion to suppress the "said confession or admission." Finally, Crim.P. 41.1(i) permits a person aggrieved by an order for nontestimonial identification evidence to file a motion to suppress evidence seized pursuant to the order and further states that "the said motion shall be granted if there were insufficient grounds for the issuance or the order was improperly issued."

C.A.R. 4.1 is clearly designed to provide for appellate review of those suppression rulings entered pursuant to Crim.P. 41(e) and (g) and Crim.P. 41.1(i), but is silent on the suppression of evidence due to the prosecution's inability to present evidence in support of challenged governmental action. The suppression of evidence under such circumstances arguably is more akin to a legitimate judicial sanction for prosecutorial unpreparedness than for the deterrence of unconstitutional governmental conduct in obtaining evidence for use against the defendant.

(Colo.App.1988). Unless the record shows that the trial court ruling was manifestly arbitrary, unreasonable, or unfair, *see, e.g., King,* 785 P.2d at 603; *Milton,* 732 P.2d at 1207, the ruling on the motion should be upheld as a proper exercise of judicial discretion.

■ The People rely upon our recent decision in *People v. Bakari,* 780 P.2d 1089 (Colo.1989), for the proposition that the district court's refusal to continue the suppression hearing constituted an abuse of discretion. In *Bakari,* a deputy district attorney who had recently been assigned the case requested a continuance of a motions hearing because, due to personnel changes in the district attorney's office, subpoenas inadvertently had not been issued for witnesses. The prosecuting attorney advised the court that he had attempted to contact his witnesses but had been unable to do so, and that another district court could hear the suppression motions within two weeks and the scheduled trial date could be maintained. 780 P.2d at 1089. The district court denied the request for a continuance, and after the prosecutor stated that he was not prepared to present any evidence on the suppression motion, granted the defendant's motion to suppress. *Id.* This court concluded that, based on the circumstances presented in support of the district attorney's motion for a continuance, the district court abused its discretion in denying the motion. *Id.* at 1092.

The facts of the present case are markedly different from the facts of *Bakari* in several respects. In contrast to *Bakari,* which involved an inadvertent failure to subpoena witnesses, the prosecution in the instant case knowingly chose not to subpoena the arresting officer, or apparently any other witnesses for the suppression hearing. Moreover, in *Bakari* the deputy district attorney attempted to contact necessary witnesses for the suppression hearing but was unable to do so, while there was no such effort in this case. Rather, the record before us quite clearly establishes that the prosecution chose not to exercise due diligence in preparation for the motions hearing.

We recognize that the arresting officer, who was scheduled to attend a training program on the date of the suppression hearing, would obviously be inconvenienced were he subpoenaed to attend and give testimony at the suppression hearing. Some degree of inconvenience, however, is obviously experienced by all witnesses subpoenaed for judicial proceedings, but inconvenience, by itself, does not constitute good cause for the continuance of a scheduled hearing. We are satisfied that the district court's ruling in this case was well within the limits of sound judicial discretion and that such discretion was exercised for the legitimate purpose of ensuring the efficient management of the court's heavy docket.

### III.

■ We turn then to the propriety of the district court's order of suppression. Where a defendant is arrested without a warrant and moves to suppress evidence seized in the course of his arrest, the burden of proof is upon the prosecution to prove the constitutional validity of the arrest and search. *See People v. Tufts,* 717 P.2d 485 (Colo.1986) (burden of proof on prosecution to establish the existence of probable cause to support warrantless arrest); *People v. Brewer,* 690 P.2d 860 (Colo.1984) (warrantless search presumed invalid, and burden is on the prosecution to prove that search fell within some recognized exception to warrant requirement).

■ Although the deputy district attorney acknowledged at the outset of the suppression hearing that the prosecution had the burden of establishing the constitutional validity of the warrantless arrest and search to which the defendant had been subjected, the prosecution was unable to present any evidence to support the legitimacy of the police action resulting in the seizure of the challenged evidence. Because the amount of available prosecutorial evidence presented to the court in support of a warrantless arrest, search, and seizure is within the prosecution's discretion, "the prosecution must be prepared to abide the

consequences of an adverse ruling when it elects not to offer available probative evidence" on those matters. *People v. Roybal,* 672 P.2d 1003, 1006 (Colo.1983). Given the prosecution's failure to present any evidence to support the constitutional validity of the warrantless governmental intrusion, the district court was left with no alternative but to hold that the defendant's arrest was unlawful and that the fruits of the unlawful arrest must be suppressed. *People v. Chacon,* 177 Colo. 368, 494 P.2d 79 (1972) (per curiam).

The suppression ruling is affirmed.