Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
September 17, 2018

**2018 CO 75**

**No. 17SA183, <u>People v. Gutierrez</u>—Motions to Continue—Abuse of Discretion.**

In this interlocutory appeal, the supreme court holds that the trial court did not abuse its discretion by denying the People's request to have their witness testify remotely via Skype. Trial courts have broad discretion to control the manner in which witnesses offer testimony, and a decision to prohibit a witness from testifying is reviewed for an abuse of discretion. Because the trial court worked extensively to accommodate the witness, the People were on notice about the importance of the witness appearing in-person, and because denying the People's request to allow the witness to testify remotely is not outcome determinative, this court concludes that the trial court did not abuse its discretion.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 75

## Supreme Court Case No. 17SA183
*Interlocutory Appeal from the District Court*
District Court, City and County of Denver, Case No. 16CR2598
Honorable Brian R. Whitney, Judge

### Plaintiff-Appellant:

The People of the State of Colorado,

v.

### Defendant-Appellee:

Daniel S. Gutierrez.

### Order Affirmed
*en banc*
September 17, 2018

**Attorneys for Plaintiff-Appellant:**
Beth McCann, District Attorney, Second Judicial District
Katherine A. Hansen, Deputy District Attorney
      *Denver, Colorado*

**Attorneys for Defendant-Appellee:**
Megan Ring, Public Defender
Kelson Bohnet, Senior Deputy Public Defender
      *Denver, Colorado*

**Attorney for Amicus Curiae Rocky Mountain Victim Law Center:**
Katherine Houston
      *Denver, Colorado*

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1      This appeal poses the narrow question whether the trial court abused its discretion when it denied the People's request to permit a witness to testify remotely, via Skype or similar service, at a hearing on a motion to suppress the defendant's post-arrest statements. We conclude that the trial court did not abuse its discretion. Hence, the order suppressing the defendant's statements is affirmed.

## I. Facts and Procedural History

¶2      Jairo Perez was shot and killed in his garage.[1] A friend of the decedent stated that he saw who committed the murder and that the murderer had fled. That witness later positively identified the defendant, Daniel Gutierrez, as the murderer in a police photo array.

¶3      Minutes after the murder of Perez, a man attempted to force his way into a residence located just a block from the murder scene. That man then assaulted one of the home's occupants in the presence of a witness. When police later arrived and presented the assault victim with a photo array, the victim positively identified Gutierrez as his assailant and stated that he knew Gutierrez. The victim reported that Gutierrez fled following the assault.

¶4      Later that same night, police arrested Gutierrez at his sister's house. Officers placed Gutierrez in the back seat of a police car where he spoke with Officer Tidwell.

---

[1] This case is still in the pretrial stage. The facts recounted here are what the People allege that the evidence at trial would establish if admitted. We recite these facts as alleged for the limited purpose of evaluating the impact of the trial court's suppression order on the People's case in chief.

According to Officer Tidwell, Gutierrez made two inculpatory statements: "I was just trying to get my life together man, and I was doing it until this happened tonight" and "I'll be honest with you, some stuff did go down over there but I blacked out and don't know what happened." Gutierrez later tested positive for gunshot residue on his right hand. He was charged with murder and assault.

¶5 Gutierrez filed several motions that required pretrial evidentiary hearings. Relevant here, he sought to suppress the statements he made to Officer Tidwell on the basis of an alleged <u>Miranda</u> violation. The court scheduled a hearing on that motion in February 2017, but ended up continuing it three times to accommodate witness availability. Officer Tidwell was not the sole cause of each of these continuances, but he was unavailable for each of the hearings. In an attempt to hear all witnesses' testimony and complete the pretrial hearing on the motion to suppress, the court divided the hearing into different days. At a hearing in early June where Officer Tidwell was not present but other witnesses testified, the People stated that he would be back and prepared to testify in July. In response, the court continued the remainder of the hearing for July 7.

¶6 Officer Tidwell was not present at the July 7 hearing because of an on-the-job shoulder injury that required surgery and left him "not cleared for duty." As a result, the People asked for another continuance, which the court granted over the defense's

objection. At that time, the court cautioned the People that they needed to ensure their witness show up if they were going to meet their burden[2]:

> [I]t needs to become a priority of the officers that are investigating a Class 1 felony . . . to get here on time. . . . And at the next motions [hearing] . . . if the officers are not available [the] motions [to suppress] are granted. Because without witnesses I can't see how the People could sustain their burden.

¶7 The court then rescheduled the second half of the hearing for late July, just three weeks before trial. When rescheduling the hearing, the court noted that the trial date could not be moved because the court had no available dates between the scheduled trial time in August and the speedy trial deadline in September. The court closed the July 7 hearing by again cautioning the People that if the officer was not present, the People would be unable to meet their burden in contesting the motion to suppress.

¶8 Despite the court's repeated admonitions, Officer Tidwell did not appear at the next hearing. The People stated that he was in California because that is where his wife "is located" and that she was helping him recover from his shoulder surgery. The People stated that Officer Tidwell "has not been released to return to duty, but is willing to come in and testify as a civilian" and that he could testify remotely via Skype or a similar service. In so doing, the People specifically stated they were not asking for

---

[2] The People bear the burden of proof to establish that there was not a violation of the defendant's <u>Miranda</u> rights by a preponderance of the evidence. <u>People v. Knedler</u>, 329 P.3d 242, 244–45 (Colo. 2014).

4

a continuance, remarking that "we're not asking to continue, we're just asking to hear the testimony by Skype."

¶9     The court denied the People's request to have Officer Tidwell testify via Skype. It noted that defense counsel had repeatedly asked for in-person testimony, and that there were "credibility issues involved in this statement," so in-person testimony was particularly important. The court therefore adhered to its former warning to the People that the People would be unable to meet their burden without the officer's presence. The court then granted the motion to suppress, but emphasized that it did not view this action as a sanction for the prosecution. Rather, the witness was simply not there and as a result the People could not meet their burden. This interlocutory appeal followed.[3]

## II. Analysis

¶10     We now consider the narrow question whether or not the trial court abused its discretion in denying the People's request to have Officer Tidwell testify remotely, through Skype or similar service. In their briefs, the People for the first time argue that the court abused its discretion by failing to grant a continuance. However, because the

---

[3] Gutierrez argues that this court lacks jurisdiction over this appeal under C.A.R. 4.1 because that rule authorizes review in only a narrow set of cases when the court has granted a motion to suppress based on an alleged constitutional deficiency and therefore, he argues, the rule requires a substantive finding of a constitutional violation in the court's order. He also argues that there is no jurisdiction because Gutierrez's statements are not "confessions or admissions" and thus do not fall under C.A.R. 4.1. However, because we ultimately rule in his favor, and because the court has the discretion to hear the case under C.A.R. 21 in either event, People v. Cowart, 244 P.3d 1199, 1207 (Colo. 2010), we decline to address Gutierrez's jurisdictional arguments.

People specifically stated they were not asking for a continuance, that issue is not preserved; therefore, we decline to address that argument on appeal and limit our review to the trial court's exercise of discretion in denying the People's request to permit Officer Tidwell to testify via Skype or similar service. We conclude that the court did not abuse its discretion. Hence, we affirm.

¶11 A trial court has broad discretion to control the manner in which witnesses offer testimony. See CRE 611(a). A trial court's decision to permit or prohibit a witness from offering remote testimony is reviewed for an abuse of discretion. See People v. Casias, 2012 COA 117, ¶ 16, 312 P.3d 208, 212. An abuse of discretion occurs when the trial court's ruling is manifestly arbitrary, unreasonable, unfair, or based on an erroneous understanding of the law. Freedom Colo. Info., Inc. v. El Paso Cty. Sheriff's Dep't, 196 P.3d 892, 899 (Colo. 2008).

¶12 We found such an abuse of discretion in People v. Bakari, 780 P.2d 1089 (Colo. 1989), which the People argue is analogous to the present case. In Bakari, the court denied the People's second request for a continuance owing to their inadvertent failure to subpoena witnesses for a hearing on defense motions to suppress evidence. Id. at 1090. The court denied the request even though another judge was available to hear the motion on a different date without affecting the scheduled trial date. Id. at 1091. With the People unable to offer evidence to contest the motions to suppress, the court granted the defense motions. Id. The end result was that the court suppressed evidence so

foundational to the People's case that it effectively dismissed the underlying charges. Id. at 1092.

¶13　On appeal, we noted that "[a]lthough the narrow procedural issue before the court was whether it should grant the state's second request for a continuance," the court was effectively "ruling on a motion to dismiss." Id. We stated that when a court exercises its discretion to enter a suppression order whose practical effect is "tantamount to dismissing the charges against the defendant," id. at 1091, the court must consider in its analysis the "harsh consequences" of its decision in context of the case in addition to available alternatives and the public interest. Id. at 1092–93. We therefore concluded that the trial court abused its discretion because the People's inadvertent scheduling mistake did not justify what was effectively a dismissal of the entire case. Id. at 1092.

¶14　We find Bakari distinguishable; the court's order here did not operate as an effective dismissal of the underlying charges. While the People certified that the suppressed evidence is a substantial part of the proof of the charges pending against the defendant, they do not represent that there is "no evidence left" as they did in Bakari. Id. at 1091. To the contrary, the People still have—at the very least—the gunshot residue on Gutierrez's right hand, one eyewitness to the murder, and two eyewitnesses to the assault. Therefore, we find the People's reliance on Bakari to be misplaced. Instead, we focus our analysis on the court's broad discretion to control the manner in which witnesses offer testimony.

7

¶15    Under these facts, we conclude that the trial court did not abuse its discretion in denying the People's request to have their witness testify remotely. First, the court's attempts to accommodate the People's difficulty in procuring the officer's presence were extensive, sustained over a period of approximately five months, and more than reasonable. The court repeatedly continued the hearing and even divided witness testimony across multiple settings as the trial date approached. Second, there was nothing unanticipated about the court's order or its consequences. The defense requested in-person testimony and the court repeatedly cautioned the People that, without the officer's presence at the hearing, they would be unable to meet their burden and the motion to suppress would be granted. Third, the People did not represent that Officer Tidwell was incapable of being physically present at the July 24 hearing. In other words, this was not an inadvertent mistake as in Bakari. Cf. People v. Crow, 789 P.2d 1104, 1107 (Colo. 1990) (contrasting the inadvertent failure in Bakari with the "knowing" failure to subpoena important witnesses). Fourth, the trial court reasonably required Officer Tidwell to testify in person because the court found that his credibility was an important issue for the hearing. Finally, the trial court's order, while suppressing the defendant's statements, was not tantamount to dismissing the underlying charges. We therefore conclude there was nothing unreasonable, arbitrary, or unfair in the court's denial of the People's request to allow remote testimony. Cf. id. (finding no abuse of discretion when the trial court ordered suppression based on the People's failure to procure a witness's presence at a suppression hearing).

8

## III. Conclusion

¶16    The trial court's order suppressing the defendant's statements is affirmed and the case is remanded back to that court for further proceedings.