The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 11, 2019

## 2019COA106

**No. 17CA1184, *People v. Sifuentes* — Constitutional Law — Sixth Amendment — Right to Counsel; Criminal Law — Counsel of Choice**

Considering *People v. Brown*, 2014 CO 25, and *People v. Travis*, 2019 CO 15, a division of the court of appeals examines whether a defendant invoked his Sixth Amendment right to counsel of choice when he moved to continue his trial so that he could replace his public defender with "identified" but unnamed private counsel whom he had saved nearly enough money to retain.

The majority concludes that the record is insufficient to determine whether defendant invoked the right, and it remands to the district court for further findings.

The dissent concludes that the appellate record is sufficient to determine that defendant did not invoke his right to counsel of choice.

COLORADO COURT OF APPEALS    **2019COA106**

Court of Appeals No. 17CA1184
Adams County District Court No. 16CR142
Honorable Thomas R. Ensor, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ruben Jesus Sifuentes,

Defendant-Appellant.

ORDER OF LIMITED REMAND

Division V
Opinion by JUDGE RICHMAN
Tow, J., concurs
Rothenberg*, J., dissents

Announced July 11, 2019

Philip J. Weiser, Attorney General, William G. Kozeliski, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Law Offices of M. Colin Bresee, M. Colin Bresee, Denver, Colorado; The Blair
Law Office, LLC, David Blair, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2018.

¶ 1     The court, sua sponte, having considered the briefs in this case orders that the case is remanded to the district court for the limited purposes of (1) determining whether defendant invoked his Sixth Amendment right to counsel of choice when he moved to continue; and, if so, (2) weighing the judicial efficiency and integrity factors articulated in *People v. Brown*, 2014 CO 25, ¶ 24, against the defendant's right to counsel of choice, which shall be done with all due speed.

## I. Background

¶ 2     Defendant, Ruben Jesus Sifuentes, was charged with first degree criminal trespass, aggravated sexual assault on a child, and sexual assault on a child.  He was tried on the latter two charges, and the trial ended with a hung jury.  In a separate proceeding, he pleaded guilty to second degree criminal trespass and the prosecution dismissed the first degree trespass charge.

¶ 3     Sifuentes was retried on the sex assault charges.  Six days before his second trial, he asked for a continuance.  His appointed attorney told the district court:

> His family has been in touch with a private
> attorney that they would like to hire.  My
> understanding is they have most of the

1

retainers saved, there's just a very small amount of money, just 100 or couple hundred dollars, that needs to be saved to hire that private attorney. That is the attorney that he wants to represent him at the trial.

The court, noting that (1) the case was "very old"; (2) "a lot of people on both sides" needed resolution; and (3) it had not heard from an attorney wanting to enter an appearance, denied the request.

¶ 4 Sifuentes then spoke for himself in the following exchange:

SIFUENTES: Can the attorneys show up on the trial date?

THE COURT: No, sir.

SIFUENTES: So I just have to go with the public defender's office?

THE COURT: At this point in time I'm not granting the motion to continue.

SIFUENTES: I don't want this — this is the representation I want — representation I want. I want the attorney I want to hire.

THE COURT: Well, you should have done that a long time ago. This case has been pending for more than a year.

SIFUENTES: Okay.

¶ 5 Sifuentes raised the issue again on the first day of trial. He told the district court that he was not happy with his public defender and that he thought there was a conflict with his

representation because he did not agree with the attorney's tactical decisions. The court found that there was no conflict, noted that no other counsel was present, and stated that it would not continue the case. Sifuentes's choices were to represent himself or to proceed with appointed counsel.

¶ 6     On appeal, Sifuentes contends that the district court abused its discretion when it denied his motion to continue based entirely on expedience, without balancing the factors outlined in *Brown*, ¶ 24.

## II. Applicable Law

¶ 7     The Sixth Amendment of the United States Constitution affords a criminal defendant the right to be represented by the retained counsel of his or her choice. *See* U.S. Const. amend. VI; *Rodriguez v. Dist. Court*, 719 P.2d 699, 705 (Colo. 1986). This right "commands . . . that the accused be defended by the counsel he believes to be best" and is entitled to great deference. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006); *see Rodriguez*, 719 P.2d at 705. "A trial court must therefore recognize a presumption in favor of a defendant's choice of retained counsel." *Ronquillo v. People*, 2017 CO 99, ¶ 17.

¶ 8    When a continuance is requested for substitution of counsel, the court "abuses its discretion by basing its decision to deny a continuance on expediency alone." *Brown*, ¶ 15; *see Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) ("[A]n unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964))).

¶ 9    *Brown* dictates that, when deciding whether to grant a motion to continue a criminal trial for substitution of defense counsel, a trial court must weigh the following eleven factors pertaining to judicial efficiency and integrity against the defendant's Sixth Amendment right to counsel of choice:

> 1. the defendant's actions surrounding the request and apparent motive for making the request;
>
> 2. the availability of chosen counsel;
>
> 3. the length of continuance necessary to accommodate chosen counsel;
>
> 4. the potential prejudice of a delay to the prosecution beyond mere inconvenience;
>
> 5. the inconvenience to witnesses;
>
> 6. the age of the case, both in the judicial system and from the date of the offense;

7. the number of continuances already granted in the case;

8. the timing of the request to continue;

9. the impact of the continuance on the court's docket;

10. the victim's position, if the victims' rights act applies; and

11. any other case-specific factors necessitating or weighing against further delay.

*Brown*, ¶ 24. The court must "make a sufficient record that it conducted the appropriate balancing test" and "determine whether the public's interest in the efficiency and integrity of the judicial system outweighs the defendant's Sixth Amendment right to counsel of choice." *Id.* at ¶¶ 25, 30. When conducting the balancing test, the court must accord the defendant's right to counsel of choice significant weight. *Id.* at ¶ 21.

¶ 10 Our supreme court recently made clear, however, that Brown does not apply in every case. *See People v. Travis*, 2019 CO 15, ¶ 14. Unless the Sixth Amendment right to counsel of choice is at issue, the findings articulated in Brown are not required. *Id.* at ¶ 12. The right does not, for instance, extend to a defendant who requests replacement counsel to be appointed for him, *id.* at ¶ 8,

but it extends to a defendant who seeks to discharge retained counsel in favor of appointed counsel, *see Ronquillo*, ¶ 27.

### III. Application

¶ 11     The *Travis* decision did not delineate what circumstances are necessary to invoke the right to counsel of choice, thereby triggering a *Brown* analysis. It is clear that *Brown* applies when counsel of choice has "entered an appearance, filed a motion for a continuance, and appeared before the [district] court." *Travis*, ¶ 14. And it does not apply when "the defendant expresses a general interest in retaining counsel, but has not identified replacement counsel or taken any steps to retain any particular lawyer." *Id.* It is not clear, however, whether *Brown* applies where, as here, a defendant has selected unnamed private counsel that he cannot yet afford to retain.

¶ 12     When a defendant would like to replace his counsel with private counsel, the crux is the definiteness of the retention. A defendant's right to counsel of choice is invoked when the defendant's retention of private counsel is substantially definite, in name and in funds.

6

¶ 13    When replacement counsel enters an appearance and shows up in court, it is clear that the counsel intends to represent the defendant — the retention is substantially definite.  In that circumstance, the court must conduct a *Brown* analysis, and each factor may be addressed without speculation.  *Id.*  But when a defendant requests to "look for and pay for an attorney," as Travis did, it is unclear whether the defendant would be able to afford to retain counsel or that any counsel would be willing to represent the defendant.  *See id.* at ¶ 6.  In that circumstance, the retention is not substantially definite, the Sixth Amendment right to counsel of choice is not at issue, and at least two of the *Brown* factors are impossible to evaluate.  *Id.* at ¶ 15.

¶ 14    Here, the district court denied Sifuentes's motion for a continuance after the supreme court's *Brown* opinion but before *Travis*.  Even so, it did not consider the *Brown* factors nor inquire into the definiteness of the retainer of chosen counsel.  Unlike the defendant in *People v. Flynn*, decided by the same division on this date, Sifuentes suggested that his representation was substantially definite when he asked if the "attorneys [could] show up on the trial

date" and said that he had chosen a particular attorney and that his family had saved nearly all the funds required for a retainer.

¶ 15     But the district court told Sifuentes that his chosen attorney could *not* show up on the trial date, and it did not inquire into the name of his chosen attorney, his level of contact with the attorney, or whether he had paid a retainer. As a result, the record is insufficient to indicate (1) whether Sifuentes's retention of his counsel of choice was substantially definite and thus sufficient to invoke the right; or (2) whether, if invoked, his right to counsel of choice outweighed the public's interest in the efficiency and integrity of the judicial system. Consequently, we remand for further findings.

## IV. Remand

¶ 16     On remand, we direct the district court to make findings regarding the definiteness of Sifuentes's retention of chosen counsel. In making such findings, the court should, at a minimum, inquire as to (1) the identity of Sifuentes's proposed private counsel, (2) whether counsel had agreed to represent him if a continuance was granted, (3) whether counsel had accepted any money on his

behalf, and (4) how much more money had counsel required before he or she would agree to represent him.

¶ 17     If the court finds that his proposed retention of private counsel was *not* substantially definite before the denial of a continuance, it need not conduct an analysis of the *Brown* factors.

¶ 18     But if the court finds that his proposed retention of private counsel was substantially definite before the denial of a continuance, the court must also make findings regarding each of the *Brown* factors and make a record balancing the public's interest in the efficiency and integrity of the judicial system (as reflected in the *Brown* factors) against Sifuentes's Sixth Amendment right to counsel of choice.  If the court finds that the balance weighed in favor of granting a continuance, it should so state in its order.

¶ 19     The court may conduct a hearing, if it deems it necessary.

¶ 20     After the proceedings have been resolved, Sifuentes must immediately forward a certified copy of the district court's order to this court, and the case shall be recertified.  The order entered shall be made a part of the record on appeal.

¶ 21     The court further orders Sifuentes to notify this court in writing of the status of the district court proceedings in the event

that this matter is not concluded within forty-nine days from the date of this order, and that he must do so every forty-nine days thereafter until the district court rules on the motion.

JUDGE TOW concurs.

JUDGE ROTHENBERG dissents.

JUDGE ROTHENBERG, dissenting.

¶ 22    The majority concludes a remand is required for the trial court to weigh the factors addressed in *People v. Brown*, 2014 CO 25.  I respectfully dissent.  I conclude the record supports the trial court's ruling denying defendant's last minute request for a continuance to obtain his own attorney.

¶ 23    On December 16, 2015, while he was on parole for another felony, defendant committed a sexual assault on a young girl in the presence of two witnesses.  On the same day, he followed another young girl into her house, but was observed and chased from the house by the girl's father.  Defendant pleaded guilty to the first degree criminal trespass and went to trial on the sex-related offenses.

¶ 24    Defendant was represented by the public defender and tried on January 23, 2017.  The jury hung, a mistrial was declared, and the case was reset for March 6, 2017.  Six days before the second jury trial, defendant's public defender informed the court that defendant's "family has been in touch with a private attorney that they would like to hire."

¶ 25    Unlike in *Brown,* where a private defense attorney filed an entry of appearance and written motion for continuance on the defendant's behalf, here there was no representation by defendant or his public defender that a private attorney was ready and willing to take defendant's case.  Nor am I persuaded otherwise by defendant's question to the trial court asking if his chosen attorney could "show up on the trial date."  His "chosen attorney" was never identified and never filed a single document purporting to establish a relationship with defendant.

¶ 26    Unlike in *Brown,* where the prosecution failed to show any prejudice resulting from the continuance, this case involved an alleged sexual assault on a young female victim that was witnessed by another young female and the witness's mother.  At the time of defendant's motion for a continuance, the victim and the witnesses had already testified once and had undergone cross-examination at defendant's earlier jury trial.

¶ 27    The trial court here did not make specific findings about the prejudice that would have been visited upon the victim and witnesses, but it can easily be inferred from the nature of the case.

Indeed, in the presentence report, the mother of the young victim explained the trauma to her daughter resulting from the case:

> [The victim] has missed multiple days of school. . . . The event impacted her friendships, as people talked [and the victim] had to deal with people at school finding out. She retreated within herself. She became angry. She lost trust in people. . . . It impacted her grades, both last year when it happened *and this year re-living it twice for trial. I have missed work for the trial, to meet with officers, DA and to care for my distraught daughter . . . . She fought hard and testified* and made sure he wouldn't hurt another little girl.

(Emphasis added.)

¶ 28    In *Brown*, ¶¶ 17-23, the Colorado Supreme Court recognized that there were no "mechanical tests" for determining whether a trial court abuses its discretion by denying a continuance, and that "a defendant may not use the right to counsel of choice to delay the trial or impede judicial efficiency." The court admonished appellate courts to "consider the totality of the circumstances of the case when determining whether a trial court has abused its discretion by denying a continuance." *Id.* at ¶ 20.

¶ 29    Later, in *People v. Travis*, 2019 CO 15, ¶¶ 13-15, the defendant informed the court on the morning of trial that she

13

wanted a continuance so that she could "look for and pay for an attorney." The supreme court concluded that she had not triggered the assessment required by *Brown* because she had expressed a general interest in retaining counsel but did not identify replacement counsel or take any steps to retain a particular lawyer. The supreme court stated that "[t]he inapplicability of *Brown* to this circumstance can be demonstrated by the fact that at least two of the *Brown* factors — availability of chosen counsel and amount of time needed for that counsel to prepare for trial — cannot even be speculated about in this instance." *Id.* at ¶15.

¶ 30     Similarly, here, the same two *Brown* factors required speculation by the trial court: namely, the vagueness of defendant's last minute representation that he "intended" to hire his own counsel as soon as he (or his family) obtained the rest of the money needed for a retainer and the amount of time that would have been needed for new counsel to prepare for trial.

¶ 31     It is therefore reasonable to infer from this record, as the trial court obviously did, that (1) a significant motivation for defendant's last minute request was to delay his second jury trial; (2) his purported counsel was not identified, and had not actually been

retained; (3) if counsel were retained, he or she would have required a lengthy postponement of the trial to obtain a transcript of the first trial and to prepare for another one; (4) the child victim and witnesses would have suffered considerable anxiety, inconvenience, and prejudice if the case had been further delayed; and (5) as the trial court observed, the case already had been pending over a year.

¶ 32 I therefore perceive no reason to remand this case back to the trial court for additional findings pursuant to *Brown*. Moreover, the trial judge in this case retired in 2018, and so we are asking another district court judge to glean from a written record what we are equally capable of perceiving. *See Brown*, ¶ 49 (Marquez, J., dissenting) (observing that "[t]his case is particularly ill-suited for remand . . . to the trial court to make additional factual findings regarding a decision that was made based on circumstances that existed more than eight years ago . . . [and] is further complicated by the fact that the judge who made the decision to deny the continuance has since retired").

¶ 33 For these reasons, I respectfully submit that the requirements of *Brown* and *Travis* have been satisfied and that a remand to the trial court is not required in this case.

15